ANNA GIBBONS *vs.* JOSEPH J. GALVIN.

Suffolk.   March 4, 1930. — March 5, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract,* To marry. *Evidence,* Relevancy and materiality, Remoteness.

At the trial of an action by a woman for breach of a contract made by the defendant in 1924 to marry the plaintiff, there was evidence that the parties' courtship began in 1921. The plaintiff testified without objection as to disgusting salaciousness by the defendant with another woman in the plaintiff's presence in 1922. Subject to the defendant's exception, she then was allowed to testify as to a contemporaneous conversation between herself and the defendant concerning such conduct. *Held,* that the testimony excepted to properly was admitted: the conversation was competent on the relationship of the parties even though it occurred two years before the time of making the contract.

CONTRACT. Writ dated September 15, 1926.

Material evidence at the trial in the Superior Court before *Walsh,* J., is stated in the opinion. The jury found for the plaintiff in the sum of $5,000. The defendant alleged an exception to the admission of evidence.

*W. H. Fay,* for the defendant.

*F. J. Monahan,* for the plaintiff.

RUGG, C.J.   This is an action to recover damages for breach of a contract made by the defendant in August, 1924, to marry the plaintiff. The evidence need not be narrated. Briefly summarized, it showed, if believed, courtship between the parties beginning in July, 1921, and accompanied from the start by acts of apparent affection. Testimony of the plaintiff was admitted, without objection, of disgusting salaciousness by the defendant with another woman in the plaintiff's presence in February, 1922. Thereafter, subject to the exception of the defendant, testimony of contemporaneous conversation between the parties concerning that event was admitted. In this there was no error because it had a tendency to show a relation between

the plaintiff and the defendant closely bordering upon a contract to marry. In the circumstances here disclosed it was not incompetent although occurring something more than two years before the date of the alleged contract.

*Exceptions overruled.*